UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV16-721-CAS(Ex) | Date | March 28, 2016 |
|---|---|---|---|
| Title | HYE SUN JANG V. OCWEN LOAN SERVICING, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Lisa Gonzalez | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Kaitlyn Thinh |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 7, filed February 18, 2016)

## I. INTRODUCTION

On August 6, 2015, plaintiff Hye Sun Jang, proceeding *pro se*, filed the instant action against defendants Ocwen Loan Servicing, LLC ("Ocwen") and Does 1 to 10 (collectively, "defendants") in the Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). The complaint asserts claims against defendants for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) intentional infliction of emotional distress. Id. Defendants removed this action to this court on February 2, 2016. Dkt. 1.

On February 18, 2016, defendants filed the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 7. Plaintiff has not filed an opposition to defendants' motion.[1] Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND[2]

---

[1] Pursuant to Central District Local Rule 7-12 the failure to file an opposition may be deemed consent to the granting of the motion.

[2] The relevant facts are drawn from the complaint and defendants' request for judicial notice. Defendants request that the Court take judicial notice of various documents that were recorded with the Los Angeles County Recorder's Office in connection with plaintiff's mortgage as well as court documents from plaintiff's previous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV16-721-CAS(Ex) | Date | March 28, 2016 |
|---|---|---|---|
| Title | HYE SUN JANG V. OCWEN LOAN SERVICING, LLC, ET AL. | | |

Plaintiff alleges that, at all times relevant to this action, he resided at the property located at 26526 Beecher Lane, Stevenson Ranch, California 91381 ("the Subject Property."). Compl. ¶ 1. On or around September 21, 2006, plaintiff obtained a loan from Mega Capital Financing, Inc. in the amount of $840,000, secured by the Subject Property. RJN, Ex. 1. Plaintiff alleges that he was unable to make his mortgage payments and that, therefore, the Subject Property was foreclosed upon. Compl. ¶ 6. In his complaint, plaintiff states that "[b]efore transfer [of] the loan, defendant bank (mortgagee) illegally rated [sic] high interest." Id. ¶ 7.

On February 25, 2014, plaintiff filed a complaint against Ocwen in the Superior Court of the County of Los Angeles ("the State Court Action"). RJN, Ex. 2. In this complaint, plaintiff asserted three causes of actions for: (1) breach of contract; (2) violation of the implied covenant of good faith and fair dealing; and (3) intentional infliction of emotional distress. Id. Ocwen subsequently filed a demurrer, which the Superior Court granted without leave to amend on September 25, 2014. See RJN, Ex. 3. Thereafter, on October 29, 2014, the Superior Court entered a final judgment dismissing the State Court Action with prejudice. Id.

On August 6, 2015, plaintiff filed the instant action. Compl. Plaintiff's complaint in the instant action is a carbon copy of his complaint in the State Court Action. On February, 18, 2016, defendants filed the instant motion to dismiss plaintiff's complaint, *inter alia*, on grounds of *res judicata*.

### III.  LEGAL STANDARD

---

actions in the Superior Court for the State of California. Dkt. 8, Request for Judicial Notice ("RJN"). Plaintiff has not objected to defendants' request for judicial notice. Furthermore, "under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Accordingly, the Court takes judicial notice of the documents in defendants' request for judicial notice because they are matters of public record, but does not accept them for the truth of the matters asserted therein. See also Munguia v. Wells Fargo Bank, N.A., 2015 WL 1475996, at *1, n.1 (C.D. Cal. Mar. 30, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | CV16-721-CAS(Ex) | Date | March 28, 2016 |
|---|---|---|---|
| Title | HYE SUN JANG V. OCWEN LOAN SERVICING, LLC, ET AL. | | |

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee, 250 F.3d at 689.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV16-721-CAS(Ex) | Date | March 28, 2016 |
|---|---|---|---|
| Title | HYE SUN JANG V. OCWEN LOAN SERVICING, LLC, ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. ANALYSIS

Defendants argue that the Superior Court's judgment in the State Court Action bars plaintiff's claims in the instant action under the doctrine of res judicata. "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been raised* in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks omitted) (italics in original). "The res judicata effect of a state court judgment is governed by the laws of the state in which the court is located." McGinest v. GTE Service Corp., 247 Fed. App'x. 72, 74 (9th Cir. 2007); see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993) ("The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we give the same preclusive effect to a state-court judgment as another court of that state would give.") (internal quotation marks omitted). California courts apply res judicata when "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 797 (2010) (internal quotation marks omitted).

Here, the elements of *res judicata* are readily satisfied. First, the claims in the instant action are identical to the claims raised in the State Court Action. Both the instant action and the State Court Action raise the same three claims—for breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress— rely on the same scant factual allegations, and involve the same Subject Property. In fact, to the Court's knowledge not a single word, comma, or period has changed between plaintiff's complaint in the State Court Action and his complaint in the instant action. Id. Accordingly, there is an identity of claims between the two actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV16-721-CAS(Ex) | Date | March 28, 2016 |
|---|---|---|---|
| Title | HYE SUN JANG V. OCWEN LOAN SERVICING, LLC, ET AL. | | |

    The other two elements of *res judicata* are also satisfied. The State Court Action resulted in a final judgment dismissing the action *with prejudice*. RJN, Ex. 3. And both the instant action and the State Court Action named Ocwen as the sole defendant.

    Accordingly, because defendants have established all three elements of res judicata, plaintiff's claims are barred on the basis of claim preclusion. The Court, therefore, GRANTS defendant's motion to dismiss.

## V.    CONCLUSION

    In accordance with the foregoing, the Court **GRANTS WITH PREJUDICE** defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

IT IS SO ORDERED

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CL | |